# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **MOUSA ZUGHAYER,** | ) | Case No. 19-29151 |
| | ) | |
| Debtor. | ) | Honorable Deborah L. Thorne |
| _____ | ) | |
| | ) | |
| **SWIFT FINANCIAL, LLC**, a Delaware limited liability company, as servicing agent for WebBank, | ) ) ) | |
| | ) | Adversary No. 19-_____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MOUSA ZUGHAYER**, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT OF SWIFT FINANCIAL, LLC
## TO DETERMINE THE DISCHARGEABILITY OF A DEBT

Plaintiff, Swift Financial, LLC ("**Swift Financial**" or "**Plaintiff**"), by and through its undersigned counsel, for its Adversary Complaint against Mousa Zughayer ("**Debtor**" or "**Defendant**"), states and alleges as follows:

### JURISDICTION AND VENUE

1. This is an adversary proceeding under Section 523 of Title 11, United States Code (the "**Bankruptcy Code**") to determine the dischargeability of a debt.

2. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), and § 523(a) of the Bankruptcy Code.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a) because this proceeding arises under the Bankruptcy Code, and likewise arises in the course of the Debtor's pending chapter 7 case under Case No. 19-29151 (the "**Chapter 7 Case**").

1

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) concerning a determination regarding the dischargeability of a debt.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### The Parties

5. The Debtor commenced the Chapter 7 Case by filing a voluntary petition on October 14, 2019 (the "**Petition Date**").

6. Defendant is an adult resident of Illinois. Based upon the petition filed commencing the Chapter 7 Case, as of the Petition Date, Defendant resided at 11525 Settlers Pond Way, Unit 3D, Orland Park, Illinois 60467.

7. Swift Financial is a limited liability company organized and existing under the laws of the State of Delaware. Swift Financial is a subsidiary of PayPal, Inc. ("**PayPal**"). Prior to the acquisition by PayPal, Swift Financial conducted business under the name Swift Financial Corporation.

8. WebBank is a FDIC insured, state-chartered bank organized under the laws of the State of Utah.

### The Prepetition Loan Transaction

9. Swift Financial is in the business, *inter alia*, of marketing and servicing LoanBuilder Business Loans ("**LoanBuilder Loans**"), a PayPal service.

10. WebBank is in the business, *inter alia,* of funding LoanBuilder Loans.

11. Defendant is the President and the holder of at least 50% of the issued and outstanding common stock of Hannah's Boutique, Inc. ("**Borrower**").

12. Borrower formerly was in the business of selling women's clothing. Borrower maintained a retail store located at 9644 West 131st Street, Palos Park, Illinois 60464.

13. During 2017, 2018 and 2019, Defendant was a person in control of the operations of Borrower.

14. For the year 2017, Borrower had gross receipts of $1,110,425.00.

**15.** For the year 2018, Borrower had gross receipts of $949,459.00.

16. On or about April 19, 2019, Defendant, on behalf of Borrower, submitted an application for a LoanBuilder Loan to WebBank (the "**Loan Application**").

17. In the Loan Application, Defendant represented that the purpose of the LoanBuilder Loan was to enable Borrower to purchase additional inventory.

18. In the Loan Application, Defendant represented that Borrower's average monthly gross sales were $67,192.87.

19. In the Loan Application, Defendant represented that Borrower did not have any liens attaching to any of its property.

20. In connection with the Loan Application, Defendant furnished additional information concerning Borrower's operations and financial condition.

21. In connection with the Loan Application, Defendant represented that Borrower maintained its business depository account with Bank of America, N.A. (the "**BofA Account**").

22. Based and relying upon Defendant's representations, WebBank reasonably believed, among other things, that as of May 3, 2019, Borrower had funds on deposit in the BofA Account, Borrower had accounts receivable, Borrower's inventory was substantially greater than $65,000.00, Borrower was actively engaged in the business of selling women's clothing, and Borrower had the financial ability and intent of paying the requested LoanBuilder Loan in full and on a timely basis.

23. On May 3, 2019, Defendant, on behalf of Borrower, executed a LoanBuilder Loan agreement with WebBank as lender (the "**Loan Agreement**"), a true and correct copy of which is attached hereto as **Exhibit A**.

24. The Loan Agreement states Swift Financial is the servicer of the loan.

25. The Loan Agreement is in the principal amount of $100,000.00.

26. On May 3, 2019, Defendant executed and delivered a personal guaranty of all of Borrower's obligations under the Loan Agreement.

27. On May 3, 2019, WebBank fully performed its funding obligations under the Loan Agreement via a wire transfer to the BofA Account.

28. WebBank fully performed all of its other obligations under the Loan Agreement.

29. In the Loan Agreement, Borrower granted WebBank a security interest in substantially all if not all of Borrower's property.

30. Swift Financial caused a UCC Financing Statement to be filed with the Illinois Secretary of State to perfect the security interest granted under the Loan Agreement.

31. The Loan Agreement requires Borrower to remit weekly payments to Swift Financial in the amount of $2,294.38.

32. The Loan Agreement requires Borrower to deposit all of its receipts in the BofA Account and authorize weekly withdrawals from the BofA Account in favor of Swift Financial in the amount of $2,294.38.

33. May 3, May 20 and May 27, 2019, Borrower made three weekly payments to Swift Financial in the amount of $2,294.38.

34. On June 3 and June 10, 2019, Borrower made two payments to Swift Financial in the amount of $2,294.38 which were returned for insufficient funds.

35. After May 27, 2019, Borrower made no additional payments in good funds to Swift Financial.

36. On May 20, 2019, the BofA Account was closed with a zero balance.

37. Plaintiff is informed and believes that on or about May 20, 2019, Borrower ceased all business operations.

38. Plaintiff is informed and believes that in May, 2019, Borrower was evicted from its business premises.

**Certain Terms, Representations, Warranties and Covenants in the Loan Agreement**

39. The Loan Agreement states the "proceeds of the requested Loan may be used only for business purposes." Exhibit A, p. 2.

40. The Loan Agreement states "THE LOAN MAY NOT BE USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES." Exhibit A, p. 2.

41. The Loan Agreement states certain representations and warranties. Exhibit A, ¶8.

42. One of the representations and warranties stated in the Loan is "All information that you have provided to us is true, correct and accurately reflects your financial condition and results of operations." Exhibit A, ¶8(c).

43. One of the representations and warranties stated in the Loan Agreement is "Business is financially solvent (i.e., your assets exceed the value of your liabilities." Exhibit A, ¶8(g).

44. The Loan Agreement states certain covenants. Exhibit A, pp. 6-7.

45. One of the covenants stated in the Loan Agreement is "You will use the Loan solely for business purposes and not for personal, family or household purposes." Exhibit A, ¶9(k).

46. The Loan Agreement states certain events of default. Exhibit A, p. 5.

47. One of the events of default stated in the Loan Agreement is "You use any proceeds of the Loan for personal, family or household purposes or to fund a dividend or other distribution to your owners." Exhibit A, ¶6(d).

48. One of the events of default stated in the Loan Agreement is "You breach any representation, warranty, agreement, promise or covenant set forth in this Agreement, or you or any of your employees provides us with any false or misleading information." Exhibit A, ¶6(e).

49. One of the events of default stated in the Loan Agreement is "You become generally unable to pay your debts." Exhibit A, ¶6(n).

50. One of the events of default stated in the Loan Agreement is "You fail to comply with any other term or condition of this Agreement." Exhibit A, ¶6(o).

**Borrower's Chapter 7 Filing**

51. On July 26, 2019 ("**Borrower's Petition Date**"), Borrower filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, under Case No. 19-20989 ("**Borrower's Chapter 7 Case**").

52. The same trustee was appointed to serve in the Chapter 7 Case and Borrower's Chapter 7 Case (the "**Trustee**").

53. Defendant executed under oath all of the required documents filed by Borrower in Borrower's Chapter 7 Case.

54. As of Borrower's Petition Date, Borrower did not own any cash, accounts receivable and investments.

55. As of Borrower's Petition Date, Borrower's inventory was worth no more than $65,000.00.

56. As of Borrower's Petition Date, all of Borrower's inventory was located at an off-site storage facility.

57. As of Borrower's Petition Date, Borrower owed 17 creditors holding general unsecured claims at least $920,225.00.

58. As of Borrower's Petition Date, all of the claims referenced in paragraph 57 above were undisputed, liquidated and non-contingent.

59. As of Borrower's Petition Date, Borrower owed its landlord $350,000.00.

60. In 2018, Borrower's landlord filed a forcible entry and detainer action against Borrower (the "**Eviction Action**").

61. As of Borrower's Petition Date, the Eviction Action was still pending.

62. As of Borrower's Petition Date, Borrower's debts substantially exceeded the fair market value of Borrower's assets.

63. As of Borrower's Petition Date, Borrower was insolvent.

64. On June 14, 2019, Borrower paid a retainer to its bankruptcy counsel.

65. Borrower paid a retainer to its bankruptcy counsel 25 days after the BofA Account was closed with a zero balance.

66. Borrower paid a retainer to its bankruptcy counsel 42 days after WebBank funded in full its obligations under the Loan Agreement.

67. Borrower's Petition Date was less than three months after WebBank funded in full its obligations under the Loan Agreement.

68. Between April 29, 2019 and Borrower's Petition Date, Borrower did not make any payments to the creditors referenced in paragraph 57 above.

69. Between January 1, 2019 and Borrower's Petition Date on July 29, 2019, Borrower's gross revenue was no more than $260,000.00.

70. In Borrower's Chapter 7 Case, the Trustee asserted that since Borrower's Petition Date, an entity other than Borrower has been selling online women's clothing similar to the merchandise previously sold by Borrower and that at least one deposit from such sales had been deposited in a banking account owned by Borrower.

71. In Borrower's Chapter 7 Case, the Trustee has obtained court authority to issue subpoenas to and examine numerous individuals, including Defendant and Borrower's accountant.

### **Swift Financial's Status in this Proceeding**

72. On November 6, 2019, Swift Financial timely filed its proof of claim in Borrower's Chapter 7 Case in the amount of $113,016.46.

73. Pursuant to Defendant's guaranty executed and delivered in connection with the Loan Agreement, Defendant's debt owed to Swift Financial is the amount of $113,016.46, plus fees and costs as provided in the Loan Agreement.

### **COUNT I**

### **EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

74. Plaintiff restates and realleges paragraphs 1 through 73 inclusive as paragraph 74 of Count I as though fully set forth herein.

75. Section 523(a)(2)(A)) of the Bankruptcy Code provides in pertinent part, as follows:

> (a) A discharge under section 727. . . of this title does not discharge an individual debtor from any debt –
> \* \* \* \* \* \* \*
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by
>
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting a debtor's or an insider's financial condition;

76. At all material times, Defendant was the President and a person in control of Borrower.

77. At all material times, Borrower was an insider of Defendant.

78. On information and belief, on the date the Loan Agreement was executed and delivered by Defendant, Borrower was insolvent.

79. In connection with the execution and delivery of the Loan Agreement, Defendant made numerous representations to Plaintiff and WebBank that were false.

80. In connection with the Loan Application and the execution and delivery of the Loan Agreement, Defendant omitted disclosing to Plaintiff material facts and circumstances, including, but not limited to, the pendency of the Eviction Action, Borrower's inability to remain in possession of its store, Borrower's actual monthly gross sales, Borrower's inability to pay its obligations as they come due, Borrower's lack of intent to use the loan proceeds to purchase new inventory, Borrower's liabilities far exceeded the fair value of its assets, Defendant's intention to use the loan proceeds for his own personal benefit, and Defendant's knowledge that Borrower would not honor its obligations under the Loan Agreement.

81. After execution and delivery of the Loan Agreement, Defendant caused Borrower to continue breaching its representations, warranties and covenants contained in the Loan Agreement in numerous respects, including, but not limited to, failing to use the loan proceeds for business purposes only and failing to use the loan proceeds solely for the purposes stated in the Loan Application.

82. Borrower was insolvent on the date the Loan Application was submitted.

83. Borrower was insolvent on the date the Loan Agreement was executed.

84. On information and belief, Borrower ceased all meaningful business operations within days after WebBank fully funded the Loan Agreement.

85. On information and belief, Borrower was evicted from its business premises in May 2019.

86. Defendant's material misrepresentations of fact enabled Borrower to obtain the full principal loan amount from WebBank.

87. Defendant knew his representations were false, or demonstrated reckless disregard or gross recklessness as to the truth of his representations.

88. Defendant had the intent to deceive Swift Financial and WebBank when submitting the Loan Application.

89. Defendant had the intent to deceive Swift Financial and WebBank when executing the Loan Agreement.

90. At all material times, Defendant knew Borrower would not satisfy its obligations under the Loan Agreement.

91. At all material times, Defendant had no intention of Borrower fulfilling its obligations under the Loan Agreement.

92. At all material times, Defendant acted in bad faith in respect to the Loan Agreement.

93. Swift Financial and WebBank reasonably relied upon Defendant's representations, warranties and covenants when reviewing the Loan Application and entering into the Loan Agreement.

94. Swift Financial and WebBank reasonably relied upon Defendant's representations, warranties and covenants when remitting the principal amount of the LoanBuilder Loan in full to Borrower.

95. Swift Financial and WebBank would not have entered into the Loan Agreement if they had known the truth regarding Borrower's operations and financial condition, and Defendant's intentions with respect thereto.

96. Due to Defendant's fraud and misconduct, Plaintiff lost over $113,000 within days after the Loan Agreement was funded in full.

97. Defendant suffered a great loss directly due to Defendant's fraudulent, false and misleading conduct.

98. Defendant's debt to Plaintiff is not dischargeable.

WHEREFORE, Plaintiff, Swift Financial, LLC, respectfully requests judgment in its favor and against Defendant on Count I denying the Defendant's discharge of the debt owed to Swift Financial in the amount of $113,016.46, plus fees and costs to which Plaintiff is entitled under the Loan Agreement, and for such further and additional relief as is equitable and just.

## COUNT II

## EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(2)(B)

99. Plaintiff restates and realleges paragraphs 1 through 98 inclusive as paragraph 99 of Count II as though fully set forth herein.

100. Section 523(a)(2)(B) of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) A discharge under section 727. . . of this title does not discharge an individual debtor from any debt –
> * * *
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by

* * *

        (A)    use of a statement in writing –

                (i)    that is materially false;

                (ii)    respecting the debtor's or an insider's financial condition;

                (iii)    on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

                (iv)    that the debtor made to be made or published with intent to deceive; or . . . .

101. Defendant made numerous statements in writing regarding Borrower's financial condition.

102. In connection with the Loan Application and the execution and delivery of the Loan Agreement, Defendant written representations concerning Borrower's financial condition included Borrower was solvent, Borrower was paying its obligations as they come due, Borrower was realizing monthly gross sales of over $69,000.00, Borrower had no intention of filing a bankruptcy petition, Borrower's intended to use the loan proceeds to purchase new inventory, Borrower intended to use the loan proceeds for business purposes only, and Borrower was able to honor its obligations under the Loan Agreement in accordance with its terms.

103. Defendant's written statements were knowingly and materially false.

104. Swift Financial and WebBank reasonably relied on Defendant's statements in writing regarding Borrower's financial condition.

105. Defendant made the written statements regarding Borrower's financial condition with the intent to deceive Swift Financial and WebBank.

106. Plaintiff suffered a great loss directly due to Defendant's misconduct.

107. Defendant's debt to Plaintiff is not dischargeable.

WHEREFORE, Plaintiff, Swift Financial, LLC, respectfully requests judgment in its favor and against Defendant on Count II denying the Defendant's discharge of the debt owed to Swift Financial in the amount of $113,016.46, plus fees and costs to which Plaintiff is entitled under the Loan Agreement, and for such further and additional relief as is equitable and just.

## COUNT III

## EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(4)

108. Plaintiff restates and realleges paragraphs 1 through 107 inclusive as paragraph 108 of Count II as though fully set forth herein.

109. Section 523(a)(4) of the Bankruptcy Code provides, in pertinent part, as follows:

(a) A discharge under section 727. . . of this title does not discharge an individual debtor from any debt –

\* \* \* \* \* \* \*

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; . . .

*110.* On information and belief, Defendant stole the loan proceeds and the collateral and property of WebBank and Swift Capital for his own use and benefit.

111. The conduct of Defendant renders his debt to Plaintiff nondischargeable.

WHEREFORE, Plaintiff, Swift Financial, LLC, respectfully requests judgment in its favor and against Defendant on Count III denying the Defendant's discharge of the debt owed to Swift Financial in the amount of $113,016.46, plus fees and costs, to which Plaintiff is entitled under the Loan Agreement, and for such further and additional relief as is equitable and just.

# COUNT IV

## EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(6)

112. Plaintiff restates and re-alleges the allegations in Paragraphs 1 through 111 inclusive as paragraph 112 of Count III as if fully set forth herein.

113. Section 523(a)(6) of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) A discharge under section 727. . . of this title does not discharge an individual debtor from any debt –
>
> * * * * * * *
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity

114. Defendant's conduct toward Swift Financial and WebBank was deliberate, intentional and voluntarily undertaken.

115. Defendant's conduct was wrongful.

116. In conscious disregard of his duties, Defendant's conduct was performed without just cause or excuse, or without any rational justification.

117. In light of the circumstances, Defendant knew or should have known that his acts would cause financial harm to Swift Financial and WebBank.

118. Defendant's acts were willful and malicious.

119. Both Swift Financial and WebBank's rights and property were injured as a direct and proximate cause of the Defendant's acts.

120. Plaintiff suffered a great loss directly due to Defendant's misconduct.

121. Defendant's debt to Plaintiff is not dischargeable.

WHEREFORE, Plaintiff, Swift Financial, LLC, respectfully requests judgment in its favor and against Defendant on Count IV denying the Defendant's discharge of the debt owed to Swift Financial in the amount of $113,016.46, plus fees and costs, to which Plaintiff is entitled under the

Loan Agreement, and for such further and additional relief as is equitable and just.

Dated: January 13, 2020					SWIFT FINANCIAL, LLC

						By: */s/ Charles S. Stahl, Jr.*
						      One of its Attorneys


Charles S. Stahl, Jr. (I.D. No. 2699915)
Swanson, Martin & Bell, LLP
2525 Cabot Drive, Suite 204
Lisle, IL 60532
(630) 799-6990
(630) 799-6901 – Fax
cstahl@smbtrials.com